UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Jaime FLORES-BALDERAZ, | Case No.: 25-cv-1424-AGS-DEB |
|---|---|
| Petitioner, | |
| v. | **ORDER REQUIRING RETURN (ECF 1) AND APPOINTING COUNSEL (ECF 3)** |
| Pamela BONDI, et al., | |
| Respondents. | |

Self-represented petitioner Jaime Flores-Balderaz seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention and appointed counsel to represent him in this matter.

**A.    Habeas Petition Screening**

At this stage, Flores-Balderaz need only make out a habeas claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

In 1999, petitioner, a "citizen of Mexico," "came into the United States" with "his parents" when he was three years old. (*See* ECF 2, at 2.) Though the petition does not state why or how he came to find himself in detention, he alleges that he "has remained in ICE custody continuously since" September 5, 2025, "pursuant to 8 U.S.C. [§] 1231(a)." (ECF 1, at 1–2.) He seeks release "on the grounds that continued detention violates the Due Process Clause . . . and *Zadvydas v. Davis*, 533 U.S. 678 (2001)." (*Id*. at 1.) The *Zadvydas* Court held that—after a "presumptively reasonable period of detention" of "six months"

1

—§ 1231(a)(6) allowed the release of immigration detainees under certain circumstances. 533 U.S. at 701. Specifically, after this "6-month period," if the detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government does not "rebut that showing," then further detention is "no longer authorized by statute." *Id*. at 699–701.

As Flores-Balderaz has been detained for over six months, he potentially qualifies for *Zadvydas* relief. Thus, this challenge warrants an answer or return.

**B.    Appointed Counsel**

Petitioner also requests appointed counsel in support of his habeas corpus petition. (*See* ECF 3); *see also* 28 U.S.C. § 2241 (habeas corpus). Courts may appoint an attorney for an "impoverished habeas petitioner" when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts evaluate an indigent petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**1.  *Financial Eligibility***

As a threshold matter, Flores-Balderaz asserts that: he "do[es] not have the ability to pay thousands of dollars to private attorneys," has no checking or savings account, has two children, and only receives "$100.00 for commissary items" in detention. (ECF 3, at 3–6.) He also asserts he had "$15[,000] for [the] last 6 months before [his] arrest." (*Id*. at 4.) Petitioner sufficiently alleges that he cannot afford counsel.

**2.  *Likelihood of Success***

Although Flores-Balderaz potentially qualifies for *Zadvydas* relief, he has not yet offered sufficient facts to establish that he is likely to succeed on that claim. Beyond the mere length of his detention—which is barely longer than the presumptively reasonable six-month period—it is not clear what "good reason" he offers "to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*,

533 U.S. at 701. Still, courts regularly grant release to detainees in Flores-Balderaz's circumstances once their custodial period exceeds six months, so the Court ultimately views this factor as neutral. *See, e.g.*, *Guarin v. LaRose*, No. 25-cv-03085-DMS-VET, 2025 WL 3440689 (S.D. Cal. Dec. 1, 2025) (ordering "release" after just over six months' detention).

### 3. *Complexity*

The final attorney-appointment consideration—the complexity of the legal issues—favors appointing counsel. The parties here must interpret intricate statutes, grapple with indefinite-detention-related common law, and navigate agency regulations. *See, e.g.*, 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 690; 8 C.F.R. § 241.13(i). This undertaking is entirely within the immigration legal context, which has been deemed "second only to the Internal Revenue Code in complexity." *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002) (quotations omitted); *see also Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020) ("Divining [the immigration laws'] meaning is ordinarily not for the faint of heart."). Flores-Balderaz asserts that he does not "have any type of legal knowledge," that "the law library . . . does not help," and that "the computer[s] have limited access." (ECF 6, at 3.) He has adequately shown that he cannot articulate his claims without a lawyer.

Though it is a close case, the Court will appoint counsel for Flores-Balderaz.

## CONCLUSION

Petitioner's attorney-appointment request is **GRANTED**. The Court provisionally appoints Federal Defenders of San Diego, Inc., to initially determine if petitioner qualifies for representation by that organization. The Clerk is directed to forward a copy of this order to Federal Defenders.

By March 17, 2026, Federal Defenders must submit a notice to the Court concerning whether it can and will accept the appointment. By that same date, Federal Defenders must also state whether, under Chief Judge Order 134, it "requests to file supplemental briefing."

As a result, the current briefing schedule—including for the pending motion for a temporary restraining order—will be set once the Court hears from counsel.

Dated: March 10, 2025

_____

Hon. Andrew G. Schopler
United States District Judge

4

26-cv-1424-AGS-DEB